

# NUMBER 13-25-00472-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE REJEANA LEATHERWOOD

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva[1]**

Relator Rejeana Leatherwood, proceeding pro se, has filed a petition for writ of mandamus through which she seeks to compel: (1) the "production of the transcript of the September 5, 2025 recusal hearing without prepayment of costs"; and (2) the recusal of the judge of the trial court based on "the repeated appearance of impropriety." Relator's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

request for relief regarding recusal has already been addressed and denied by this Court. *See In re Leatherwood*, No. 13-25-00362-CV, 2025 WL 2055764, at *1 (Tex. App.—Corpus Christi–Edinburg July 22, 2025, orig. proceeding [mand. denied]) (mem. op.).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The relator must provide a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Monson Law Firm, LLC*, 714 S.W.3d 256, 264 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding); *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *see generally* Tex. R. App. P. 52 (governing original proceedings), R. 52.7 (delineating the contents of the record), R. 52.3(k) (describing the necessary contents for the appendix).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny relator's petition for writ of mandamus.

CLARISSA SILVA
Justice

Delivered and filed on the
2nd day of October, 2025.